UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARYLAND CASUALTY COMPANY,

                Plaintiff,

     -vs-                           10-CV-266A(Sc)

EFFICIENT SOLUTIONS, INC. and
DALE DAHLGREN,

                Defendants.

---

APPEARANCES:        GOLDBERG SEGALLA LLP (MICHAEL T. GLASCOTT, ESQ. and CARRIE P. APPLER, ESQ., Of Counsel), Buffalo, New York, Attorneys for Plaintiff.

                              DAMON & MOREY LLP (ERIC A. BLOOM, ESQ., and RICHARD F. GIOIA, ESQ., Of Counsel), Buffalo, New York, Attorneys for Defendant Efficient Solutions, Inc.

                              CELLINO & BARNES, P.C. (CHRISTOPHER D. D'AMATO, ESQ., Of Counsel), Buffalo, New York, Attorneys for Defendant Dahlgren.

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 13. Currently before the Court are the parties' cross motions for summary judgment. Dkt. ## 26, 31, 33, 36.

## BACKGROUND

Plaintiff commenced this declaratory judgment action with the filing of a complaint on March 29, 2010. Dkt. # 1. It seeks a declaration of its rights and obligations relating to the defense and indemnification of defendant Efficient Solutions, Inc. ("Efficient"), in a lawsuit brought by defendant Dahlgren and currently pending in New York State Supreme Court, Erie County. That lawsuit arises from injuries suffered by Dahlgren on June 26, 2008, while he was employed on a construction project in the City of Buffalo. Efficient was the general contractor on the project and Dahlgren was employed by a sub-contractor. Specifically, plaintiff has alleged that, as a consequence of Efficient's failure to report Dahlgren's accident as soon as practicable, Efficient has breached the contract of insurance and plaintiff is not obligated to defend or indemnify Efficient.

Efficient filed its answer to the complaint on April 23, 2010. It interposed a counterclaim seeking a declaration that plaintiff is obligated to defend and indemnify. Dkt. # 9. Defendant Dahlgren filed his answer on May 26, 2010. Dkt # 15. Thereafter, on September 13, 2011, Efficient filed its motion for summary judgment. Dkt. # 26. Dahlgren filed a motion for summary judgment on November 3, 2011. Dkt. # 33. In response to the motions, plaintiff filed two separate yet similar cross motions for summary judgment. Dkt ## 31, 36. Oral argument on all motions was heard on January 10, 2012. For the following reasons, it is recommended that the defendants' motions for summary judgment be denied and the plaintiff's cross motions be granted.

# FACTS[1]

The facts of this case are not in dispute. In 2008, Efficient was retained to perform construction work at a residence in Buffalo, New York. Efficient sub-contracted a portion of the work to Stock General Contracting ("Stock") and defendant Dahlgren was employed by Stock as an independent contractor. Efficient maintained worker's compensation insurance through the New York State Insurance Fund ("NYSIF") and additional liability insurance through plaintiff. On June 26, 2008, Dahlgren fell and was injured. Efficient's President, Richard Kaminski, was present at the job site at the time of the accident. At oral argument, counsel acknowledged that Mr. Kaminski knew of Dahlgren's injury at that time and observed him being transported from the job site in an ambulance.

In September 2008, Stock informed Efficient that it did not carry worker's compensation insurance. Dkt. # 27, att. 3, ¶ 9. Thereafter, Mr. Kaminski contacted the Worker's Compensation Board ("WCB") and was advised that Dahlgren's injury would "likely be covered by Efficient's worker's compensation policy." *Id.,* ¶ 11. On September 19, 2008, Efficient filed an "Employer's Report of Work-Related Injury/Illness." Dkt. # 27, att. 4. Attached to the report is a letter signed by Mr. Kaminski stating, "[a]ssumptions were made by parties involved that no coverage for Dale Dahlgren was available. Lack of follow-up on my part and communication to all parties resulted with this confusion and delay of this filing. For this I take full

---

[1] This factual statement is taken from the exhibits in support of the cross motions for summary judgment, including the parties' Statements of Material Facts (Dkt. # 27, #31, att . 1, #33, att. 3, #36, att. 1), the affidavit of Richard J. Kaminski (Dkt. # 27, att. 3), the contract of insurance (Dkt. # 27, att. 5-6), and an affidavit of defendant Dahlgren's counsel (Dkt. # 33, att. 5).

responsibility." *Id.* In a proposed decision dated March 9, 2009, the WCB awarded Dahlgren worker's compensation benefits and listed Efficient as Dahlgren's' employer. Dkt. #27, att. 4. In a later decision, dated December 11, 2009, the WCB listed Stock as Dahlgren's employer. Dkt. # 36, att. 2, p. 20. Mr. Kaminski stated that he did not notify plaintiff of Dahlgren's injury because he "reasonably believed that Dahlgren, for purposes of worker's compensation, would be deemed an employee of Efficient and could not later sue Efficient for negligence after it provided him with worker's compensation benefits under its policy." Dkt. # 27, att. 3, ¶ 15.

On October 13, 2009, Dahlgren served Efficient with a summons and complaint seeking damages for Efficient's alleged negligence in connection with his work-related injury. Dkt. # 27, att. 9. By letter dated October 13, 2009, Efficient notified its insurance agent of the underlying state court action and advised the agent that the claim was "a workers Comp (sic) issue." Dkt. #27, att. 10. Plaintiff was, for the first time, notified of the action and disclaimed coverage in a letter dated October 21, 2009 for Efficient's failure to comply with the policy's notice provision. Dkt. # 27, att. 11. Dahlgren's attorney received a copy of that letter, but Dahlgren never received a disclaimer letter addressed directly to him. Dkt. # 33, att. 5, ¶¶ 19-21. Dahlgren's attorney stated that he first became aware that plaintiff was Efficient's liability carrier in October 2009. *Id.,* ¶ 16. He also stated that he was contacted by plaintiff by telephone sometime between October 14 and 21, 2009 and provided facts of the state court action. *Id.,* ¶¶ 15, 17. On or about May 12, 2010, Dahlgren's attorney sent a copy of the summons and complaint directly to plaintiff. *Id.,* ¶ 22.

4

The Commercial General Liability and Commercial Umbrella policies at issue both provide that, in the event of an occurrence, offense, claim, or suit, the insured must see to it that the insurer is "notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." Dkt. # 27, att. 6, pp. 4, 49.

## DISCUSSION

**Summary Judgment Standard**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 311 n.7 (S.D.N.Y. 2011). Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a

5

genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The parties have filed cross motions for summary judgment seeking a declaration of rights and responsibilities under the subject policies. Plaintiff seeks a declaration that it is not obligated to defend or indemnify Efficient based on Efficient's untimely notification of the underlying occurrence, approximately 16 months after Dahlgren's' injury. Efficient argues that it provided notice to plaintiff "as soon as practicable" and that its actions, in failing to notify plaintiff until after it was served with the state court complaint, were reasonable under the circumstances. Efficient believed that it could not be sued by Dahlgren, as Dahlgren collected benefits through Efficient's worker's compensation policy. In his motion for summary judgment, Dahlgren argues that he exercised an independent right to provide notice to plaintiff and should not be bound by Efficient's late notice.

**Efficient's Motion for Summary Judgment**

Efficient argues that plaintiff is obligated to defend and indemnify because it provided notice of Dahlgren's injury "as soon as practicable" under the circumstances. "Under New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy." *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995). "When a notice-of-occurrence provision requires the insured to notify the insurer 'as soon as practicable' after an occurrence, the insured must provide notice within a reasonable time under all of the circumstances." *U.S. Underwriters Ins. Co. v. Tauber,* 604 F.Supp.2d 521, 528 (E.D.N.Y. 2009). If an insured fails to provide timely notice in compliance with such a provision, the insurer may disclaim coverage. *Great Canal Realty Corp. v. Seneca Ins. Co.*, 833 N.E.2d 1196, 1197 (N.Y. 2005) (holding that an insured's failure to satisfy the notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract."); *accord Lobosco v. Best Buy, Inc.,* 915 N.Y.S.2d 305, 308–09 (App. Div. 2011).

However, New York law "recognize[s] that there may be circumstances that excuse a failure to give timely notice, such as where the insured has a good-faith belief of nonliability". *Great Canal Realty Corp.*, 833 N.E.2d at 1197 (internal quotation marks and citation omitted); *accord Sparacino*, 50 F.3d at 143. "The insured's belief in nonliability 'must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured inquired into the circumstances of the accident or occurrence.'" *St. James Mech., Inc. v. Royal &*

*Sunalliance,* 845 N.Y.S.2d 83, 85 (App. Div. 2007) (quoting *Sec. Mut. Ins. Co. of N.Y. v. Acker–Fitzsimons Corp.*, 293 N.E.2d 76, 79 (N.Y. 1972)). Notably, the burden is on the insured, not the insurer, to demonstrate the reasonableness of the excuse. *Courduff's Oakwood Rd. Gardens & Landscaping Co. v. Merchants Mut. Ins. Co.*, 922 N.Y.S.2d 212, 214 (App. Div. 2011).

Furthermore, where, as here, the notice provision in a policy "mandates notice to the insurer as long as an occurrence 'may' implicate the policy", the decision to notify the insurer "requires only a 'reasonable possibility of such happening, based on an objective assessment of the information available.'" *U.S. Underwriters Ins. Co. v. Calandra*, 2010 WL 1049295, *4 (E.D.N.Y. March 19, 2010) (quoting *Christiania Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*, 979 F.2d 268, 276 (2d Cir. 1992)); *see also Charter Oak Fire Ins. Co. v. Fleet Bldg. Maint., Inc.*, 707 F.Supp.2d 329, 335 (E.D.N.Y. 2009) ("While an insured's good-faith belief in non-liability may, in some cases, provide an excuse for notification delay, determining whether that belief was reasonable requires examination of the circumstances surrounding the occurrence, including whether the insured took any steps to investigate the question of their liability.") (internal citation omitted). "The test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim." *Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F.2d 267, 272 (2d Cir. 1987). Additionally, where, as here, the insured is a business, "its delay in notifying the insurer will only be excused if a reasonable business person would have made the same decisions under

8

the circumstances." *U.S. Underwriters Ins. Co. v. Ziering*, 2009 WL 238562, *6 (E.D.N.Y. February 2, 2009) (internal quotation marks and citations omitted)

Ordinarily, the issue of whether the insured had a good faith belief in nonliability, and whether that belief was reasonable, are generally questions of fact for the fact-finder. *See Royal & Sunalliance*, 845 N.Y.S.2d at 85. "Nevertheless, the issue of whether an insured's excuse for the delay is reasonable 'may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith.'" *Tower Ins. Co. of N.Y. v. Alvarado*, 923 N.Y.S.2d 717, 719 (App. Div. 2011) (quoting *McGovern–Barbash Assoc., LLC v. Everest Nat. Ins. Co.,* 914 N.Y.S.2d 218, 221 (App. Div. 2010)).

Here, the parties do not dispute that the accident in question constitutes an "occurrence" for which Efficient had a contractual obligation to provide notice to the plaintiff insurance carrier "as soon as practicable." An insured party need not provide notice "on the basis of mere speculation, rumor, or remote contingencies." *Christiania Gen. Ins. Corp.*, 979 F.2d at 275–76. "However, the insured has an affirmative duty to investigate incidents, and a court may consider whether facts known to the insured would have alerted a reasonable person that their policy might have been implicated." *Calandra,* 2010 WL 1049295, at *4; *see also Kaesong Corp. v. United Nat'l Specialty Ins. Co.*, 2008 WL 1902684, at *3 (E.D.N.Y. April 25, 2008) ("The fact that [an individual] suffered injuries ... that required immediate medical attention should have triggered a response from [the insured] to at a minimum investigate the incident and contact its insurer."); *Paramount Ins. Co. v. Rosedale Gardens, Inc.*, 743 N.Y.S.2d 59,

9

64 (App. Div. 2002) (knowledge of person being taken by ambulance to hospital "is a significant factor in determining the reasonableness of any delay in giving notice."). Furthermore, a provision that mandates notice to the insurer as long as an occurrence "may" implicate the policy, such as the one at bar, requires only a "reasonable possibility of such happening, based on an objective assessment of the information available." *Christiania Gen. Ins. Corp.*, 979 F.2d at 276 (emphasis added) (citation and internal quotation marks omitted). It is undisputed that Efficient was aware of Dahlgren's accident the day it occurred, but did not notify the plaintiff until approximately sixteen months later, after receiving the summons and complaint in the underlying state court action. An objective assessment of the information readily available to Efficient at the time of Dahlgren's accident should have indicated that there was at least a reasonable possibility of its policy being implicated. *See Christiania Gen. Ins. Corp.*, 979 F.2d at 276; *see also Kaesong Corp.*, 2008 WL 1902684, at *3. This, in turn, should have triggered notice to plaintiff long before October 2009. That notice, in fact, was not given for nearly sixteen months after the accident is unreasonable as a matter of law. *See Calandra,* 2010 WL 1049295, * 5 (six month delay deemed unreasonable); *State of N.Y. v. Blank*, 27 F.3d 783, 796 (2d Cir. 1994), *abrogated on other grounds by Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co.,* 702 F.3d 118 (2d Cir. 2012) (ten month delay unreasonable); *Juvenex Ltd. v. Burlington Ins. Co.*, 882 N.Y.S.2d 47, 48 (App. Div. 2009) (two month delay unreasonable); *Modern Cont. Constr. Co., v. Giarola*, 812 N.Y.S.2d 115 (App. Div. 2006) (five month delay unreasonable).

Efficient argues that its late notice should be excused because it reasonably believed that Dahlgren's only recourse against it was through Efficient's worker's compensation policy. "Courts have consistently held that a belief in a third party's superseding liability is unreasonable as a matter of law, and thus cannot excuse failure to provide timely notice." *Calandra,* 2010 WL 1049295, at *5. In *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Grp., Inc.*, 825 F.Supp.2d 384 (E.D.N.Y. 2011), a general contractor was advised by letter of the injury of an employee of a subcontractor and threatened with suit, but failed to notify its insurer of the workplace injury until approximately seven months later, after it was served with a summons and complaint. It argued that its late notice was reasonable because it believed that the subcontractor would be liable for all damages as a result of an indemnification agreement between the general contractor and subcontractor. The court found that the letter advising the insured of the injury triggered the insured's obligation under the policy to notify the insurer "as soon as practicable" of any occurrence that "may" lead to a claim. Accordingly, the insured failed to raise a triable issue of fact as to whether a reasonable business could have had a good faith belief of nonliability under the circumstances. The court noted that "[i]t is not for the insured to make a legal conclusion that it would not be liable for a claim asserted against it, just to determine whether a claim might be asserted." *Mt. Hawley,* 825 F.Supp.2d at 393 (quoting *In re St. James Mech., Inc.*, 2010 WL 3212037, *6 (Bankr. E.D.N.Y. August 9, 2010)).

Similarly, In *Eastern Baby Stores, Inc. v. Central Mut. Ins. Co.*, 2008 WL 2276527 (S.D.N.Y. June 2, 2008), *aff'd*, 337 Fed. Appx. 10 (2d Cir. 2009), an injured employee brought suit against the owner of the building which housed his employer.

The owner then brought a third-party action against the insured/employer. While it promptly notified it worker's compensation carrier of the accident, the employer did not notify the defendant liability carrier until approximately six months after the filing of the third-party complaint. The court held that the insured's belief that the accident in question would be covered by its worker's compensation carrier was unreasonable as a matter of law because the policy required the insured to notify the insurer of any "occurrence which may result in a claim" and the insured's belief that another carrier would cover the employee's injuries "has no bearing on this contractual obligation." *Id.,* *2; *see also Macro Enters., Ltd. v. QBE Ins. Corp.*, 841 N.Y.S.2d 447, 447 (App. Div. 2007) (subcontractor's claimed belief of non-liability, on the basis that its injured employee's exclusive remedy was under the Workers' Compensation Law, was not reasonable under the circumstances where it contractually agreed to indemnify the general contractor for claims, damages, losses or expenses arising from the subcontractor's work)*; Philadelphia Index. Ins. Co. v. Geneses Valley Improvement Corp.,* 834 N.Y.S.2d 802, 804 (App. Div. 2007) (building owner's assumption that contractor's insurance would bear the ultimate responsibility for its employee's injuries was insufficient and unreasonable as a matter of law to excuse a nine-month delay in providing notice); *Heydt Contracting Corp. v. Am. Home. Assur. Co.*, 536 N.Y.S.2d 770, 772–73 (App. Div. 1989), *app. dismissed,* 540 N.E.2d 715 (N.Y. 1989) ("plaintiff's assumption that other parties would bear ultimate responsibility for its property loss is insufficient as a matter of law to excuse the more than four month delay in giving notice. The fact that a particular occurrence may not in the end result in a ripened claim does

not relieve the insured from advising the carrier of that event, and plaintiff's policy with defendant dictates that timely written notice be provided whenever a claim 'may' arise.").

Here, Efficient's president was on the job site the day of the accident and was aware that Dahlgren had been injured, but neither informed the plaintiff of the occurrence nor conducted any inquiry into Efficient's potential liability at that time. "[T]he mere possibility of a claim should have alerted [Efficient] to the necessity of promptly informing its insurance carrier" of the occurrence. *Heydt,* 536 N.Y.S.2d at 773. Nearly three months later, and only after he was advised that Stock had no worker's compensation insurance, Mr. Kaminski contacted the WCB. He was told that Dahlgren would likely be covered under Efficient's worker's compensation policy because Stock was uninsured. Efficient was not advised that Dahlgren would have no further recourse against it, but simply assumed as much without any further investigation into its own direct liability. As such, Efficient's belief that Dahlgren would be considered its employee for purposes of the exclusivity provision of the Worker's Compensation Law and that Dahlgren would have no further recourse against Efficient was unreasonable as a matter of law to excuse its sixteen-month delay in providing notice to plaintiff.

Efficient's reliance on *Tesler v. Paramount Ins. Co.,* 633 N.Y.S.2d 119 (App. Div. 1995) and *Sabre v. Rutland Plywood Corp.,* 461 N.Y.S.2d 596 (App. Div. 1983) is misplaced. In *Tesler,* the insureds were found to have demonstrated a good faith and reasonable belief in their nonliability under the Workers' Compensation Law for their employee's injury because their insurance agent specifically advised them to that effect. In this case, Efficient was not so advised, but merely assumed, without further

13

investigation, that Dahlgren would be treated as an employee for purposes of the Worker's Compensation Law and would have no further recourse against it. In *Sabre,* the court found that the insured was entitled to rely on the exclusivity of the workers' compensation remedy provided to its own employee and on the coverage of its workers' compensation policy, and was not required to anticipate that a third-party suit would be brought against it. Additionally, the court held that the state of the law was such at the time that the insured was not required to give notice to its liability carrier on the reasonable belief that the carrier was not required to provided coverage for contribution or indemnity to an employer covered by workers' compensation. *Sabre,* 461 N.Y.S.2d at 598. In this case, Dahlgren was not an employee of Efficient. Efficient was advised that Dahlgren would be covered by Efficient's worker's compensation policy because Stock was uninsured, not that Dahlgren would have no further recourse against Efficient. Under the circumstances, it was not reasonable as a matter of law for Efficient to assume that it could not be liable to Dahlgren. Accordingly, it is recommended that Efficient's motion be denied and plaintiff's motion for summary judgment be granted.

**Dahlgren's Motion for Summary Judgment**

Dahlgren argues that plaintiff's disclaimer for alleged late notice on the part of Efficient is not valid or effective against him. Alternatively, he argues that he successfully exercised his independent right to provide notice to plaintiff. Dahlgren has stated that plaintiff contacted his attorney in October 2009 after the filing of the state court complaint and that this conversation constitutes notice under the New York

14

Insurance Law. Alternatively, Dahlgren provided written notice by forwarding a copy of the summons and complaint to the plaintiff in May 2010.

Under New York Insurance Law § 3420(a)(3), an injured party has an independent right to provide written notice of an accident or occurrence to an insurance carrier, even where the insured's notice is untimely. Specifically, Insurance Law § 3420(a)(3) states in relevant part, that "written notice by ... the injured person ... to any licensed agent of the insurer ... shall be deemed notice to the insurer." N.Y. Ins. Law § 3420(a)(3). If such notice is properly given, the fact that the insured party failed to give timely notice will not prevent the injured party from recovering against the insurer. *Gen. Accident Ins. Group v. Cirucci*, 387 N.E.2d 223, 225 (N.Y. 1979). In order to take advantage of § 3420(a)(3), the injured party must prove that he or his agent "acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer." *Am. Home Assur. Co. v. State Farm Mut. Auto. Ins. Co.,* 717 N.Y.S.2d 224, 225 (App. Div. 2000). However, an injured party cannot satisfy this burden if he never actually gives notice to the insurance carrier. *See Garay v. Nat'l Grange Mut. Ins. Co.,* 117 Fed. Appx. 785, 787 (2d Cir. 2004) ("Where, as here, the injured party has not actually exercised his right to provide independent notice under the statute, the insurer's disclaimer of coverage on the basis of the insured's late notice is effective against the injured party as well.").

It is undisputed that when Efficient notified plaintiff of the state court action in October 2009, plaintiff promptly disclaimed on the basis of Efficient's late notice and provided a carbon copy of the disclaimer letter to Dahlgren's attorney. At that time, Dahlgren had not provided any written notice to plaintiff. Accordingly, plaintiff's

disclaimer, based on Efficient's late notice, was valid as to Dahlgren and plaintiff was under no obligation separately to disclaim with respect to Dahlgren.  *See Garay,* 117 Fed. Appx. at 787, n. 1; *see also Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.,* 368 F.3d 209, 217 (2d Cir. 2004) (insurer's obligation to disclaim coverage as to injured party arises only upon the injured party's provision of notice of the occurrence); *Dryden Mut. Ins. Co. v. Brockman,* 687 N.Y.S.2d 504 (App. Div. 1999) (insurer's obligation to disclaim specifically based on the injured party's failure to provide timely notice is not triggered unless injured party in fact provides notice).

Dahlgren argues that his attorney was contacted by the plaintiff by telephone sometime between October 14 and 21, 2009 and that this conversation constitutes timely notice to plaintiff by the injured party, requiring a separate disclaimer to Dahlgren.[2]  "It is well-established in this state that the notice called for by the statute requires written notice, whether by the insured or by the injured party."  *Jenkins v. Burgos,* 472 N.Y.S.2d 373, 377 (App. Div. 1984) (citing *Allstate Ins. Co. v. Furman*, 445 N.Y.S.2d 236 (App. Div. 1981), *aff'd,* 444 N.E.2d 996 (N.Y. 1982)); *see also Bazar v. Great Amer. Ind. Co.*, 119 N.E.2d 346, 349-350 (N.Y. 1954); *Pitts v. The Aetna Cas. & Sur. Co.,* 218 F.2d 58, 61 (2d Cir. 1954).  Dahlgren admittedly provided no written notice of the occurrence to plaintiff until May 2010 and his telephone conversation in October 2009 did not trigger plaintiff's obligation to disclaim specifically as to him.

Even if the court were to disregard the plain language of the New York Insurance Law and the case law requiring compliance with the requirement of written notice,

---

[2]  Plaintiff denies that this telephone contact occurred.

Dahlgren's oral notification in October 2009 would nonetheless be untimely. In determining the sufficiency of notice, it has been said that the notice required by an injured party is measured less rigidly than that required of the insureds. *See Appel v. Allstate Ins. Co.,* 799 N.Y.S.2d 467, 468 (App. Div. 2005). "The sufficiency of notice by an injured party is governed not by mere passage of time but by the means available for such notice." *Nat'l Grange Mut. Ins. Co. v. Diaz,* 490 N.Y.S.2d 516, 518 (App. Div. 1985). In this case, approximately sixteen months elapsed between the accident and the commencement of the state court action in October 2009. Dahlgren's counsel stated that he was unaware of the identity of the plaintiff until he filed the state court action, advised Efficient to notify its carrier, and was subsequently contacted by the plaintiff. In those approximately sixteen months, Dahlgren made no attempt to ascertain the identity of Efficient's liability carrier, although he collected benefits through Efficient's worker's compensation policy. Moreover, he has offered no reason why he was unable to ascertain plaintiff's identity sooner. He cannot argue that he was unaware of the identity of the insured and has not stated that Efficient was uncooperative. Accordingly, it cannot be said that Dahlgren acted diligently to ascertain the plaintiff's identity and expeditiously in providing notice to plaintiff. *See Tower Ins. Co. of N.Y. v. Lin Hsin Long Co.,* 855 N.Y.S.2d 75 (App. Div. 2008) (undisputed fact that injured party's counsel never requested from the insured the name of its insurance carrier, or undertook additional efforts to identify the carrier, compels the conclusion that injured party did not exercise reasonable diligence); *cf. Allstate Ins. Co. v. Marcone,* 815 N.Y.S.2d 235 (App. Div.), *lv. to app. dismissed,* 857 N.E.2d 529 (N.Y.

17

2006) (court found a triable issue of fact where the injured party made reasonably diligent efforts to locate the insured, including contacting the state police for information regarding the accident and sending letters to every person with the last name of the tortfeasor in the telephone directory for Manhattan and the Bronx).

Dahlgren cites *Cirone v. Tower Ins. Co. of N.Y.,* 835 N.Y.S.2d 111 (App. Div. 2007), *lv. to app. denied,* 876 N.E.2d 513 (N.Y. 2007), a case in which the First Department apparently excused the injured plaintiffs' failure to provide separate, formal, written notice of the occurrence. In *Cirone,* however, the court noted the plaintiffs' unsuccessful attempts to identify the insurer and found these efforts to be sufficient under the circumstances. In light of this conclusion, the court did not address the plaintiffs' argument that the insurer's disclaimer letter, citing the insured's late notice, was ineffective as against them. *Cirone* is distinguishable in that, here, Dahlgren has offered no proof that he diligently attempted to ascertain the identity of the plaintiff as Efficient's insurer in the approximately sixteen months between the injury and the commencement of the state court action.

Dahlgren also argues that his written notice to plaintiff in May 2010 was timely and that plaintiff failed to disclaim specifically as to him following this written notice. By May 2010, Dahlgren had been aware of plaintiff's identity as the insurer for approximately seven months. Plaintiff had already commenced this declaratory judgment action and raised both Efficient's and Dahlgren's late notice as a defense to its obligation to defend and indemnify. Dkt. # 1, ¶¶ 25-31. Again, Dahlgren has neither offered a reason for the delay in providing written notice to the plaintiff nor proof that he acted expeditiously in providing written notice. He has thus raised no triable issue of

fact regarding the sufficiency of his written notice to plaintiff. Additionally, given the timing of Dahlgren's written notice, which followed the commencement of this declaratory judgment action, it cannot be said that plaintiff failed to provide Dahlgren with specific reasons for its disclaimer. *See U.S. Liab. Ins. Co. v. Young,* 588 N.Y.S.2d 640, 641 (App. Div. 1992), *lv. to app. denied,* 619 N.E.2d 658 (N.Y. 1993) (notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the grounds upon which the disclaimer is predicated). Accordingly, it is recommended that Dahlgren's motion for summary judgment be denied and plaintiff's cross motion be granted.

## CONCLUSION

It is recommended that the defendants' motions for summary judgment be denied and plaintiff's cross motions for summary judgment be granted. Plaintiff should be declared to have no obligation to defend and/or indemnify the defendants in the underlying state court action.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:   Buffalo, New York
         February 14, 2013

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              H. KENNETH SCHROEDER, JR.
                                              United States Magistrate Judge